IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,517-01, -02






EX PARTE DENNIS RAY ETHEL, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 15014B & 15016B IN THE 12TH DISTRICT COURT


FROM GRIMES COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated robbery and sentenced to two terms of ninety-two years' imprisonment. The
Fourteenth Court of Appeals affirmed his convictions. Ethel v. State, Nos. 14-04-00093-CR & 14-04-00094-CR (Tex. App.-Houston [14th Dist.], delivered August 16, 2005, no pet.). 

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
interview and subpoena Kimberly Terrell, an alibi witness. Applicant has alleged facts that, if true,
might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel with
the opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.
Specifically, the trial court shall determine whether counsel interviewed and subpoenaed Kimberly
Terrell and, if not, whether Applicant was prejudiced. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 7, 2007

Do not publish